IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No.  12-cv-01885-BNB


JONATHAN NATHINAL ESTES,

       Applicant,

v.

JOHN SUTHERS, The Attorney General of the State of Colorado,

       Respondent.

_____

ORDER TO FILE PRE-ANSWER RESPONSE
_____

       Applicant is in the custody of the Colorado Department of Corrections and

currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado.

Applicant, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2254.

       As part of the preliminary consideration of the Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2254 in this case, the Court has determined that a

limited Pre-Answer Response is appropriate.  Respondent is directed pursuant to Rule

4 of the Rules Governing Section 2254 Cases in the United States District Courts and to

*Denson v. Abbott*, 554 F.Supp. 2d 1206 (D. Colo. 2008), to file a Pre-Answer Response

limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d)

and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  If

Respondent does not intend to raise either of these affirmative defenses, he must notify

the Court of that decision in the Pre-Answer Response.  Respondent may not file a

dispositive motion as his Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Pre-Answer Response, Respondent should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.  Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court.

The Court also notes that Applicant fails to name his warden as a respondent. Because the law is well-established that the only proper respondent to a habeas corpus action is the habeas applicant's custodian, *see* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; and *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995), Applicant is instructed to name his custodian as a respondent, as well as the Attorney General of the State of Colorado, in all future filings in this action.  Accordingly, it is

ORDERED that within twenty-one days from the date of this Order Respondent shall file a Pre-Answer Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires.  It is

2

FURTHER ORDERED that if Respondent does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, he must notify the Court of that decision in the Pre-Answer Response.

Dated:  July 23, 2012

BY THE COURT:

 s/Boyd N. Boland
United States Magistrate Judge